IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LIONEL B. KYLES**                                                                       **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:19cv440-TSL-RHW**

**SHERIFF VICTOR P. MASON**
**and WARDEN R. FIELDER**                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [19] an October 15, 2019 motion filed by Defendants Sheriff Victor Mason and Captain Richard Fielder[1] seeking summary judgment in this 42 U.S.C. § 1983 prisoner civil rights lawsuit filed by Lionel Kyles on June 2, 2019.[2] Kyles' lawsuit arises from an April 26, 2019 assault by fellow inmates while he was incarcerated at Hinds County Detention Center in Raymond, Mississippi. He contends Defendants Mason and Fielder violated his constitutional rights by failing to protect him and/or failure to supervise the facility. Mason and Fielder urge dismissal of the action because Kyles failed to exhaust administrative remedies before filing suit. Kyles filed no response to the motion.

### Facts and Procedural History

At all times pertinent to this lawsuit, Lionel Kyles has been an inmate at Hinds County Detention Center (HCDC) in Raymond, Mississippi. On May 22, 2019, he signed the complaint filed in this case seeking $1,300,000 for injuries[3] he allegedly sustained when he was assaulted by fellow inmates on April 26, 2019. Kyles asserts Defendant Fielder is liable to him for failing

---

[1] The motion identifies Captain Richard Fielder as the individual sued as Warden R. Fielder.

[2] Kyles dated and signed his complaint May 22, 2019, less than a month after the incident from which his lawsuit arises. [1] The complaint was filed by the Clerk of Court on June 2, 2019.

[3] Kyles claims he sustained broken ribs, a punctured lung and broken teeth in the assault.

to protect him from the assault because he had asked Fielder to move him to a different housing unit the day before and Fielder did not do so [1, p. 4, ¶ 9]; he states he sued Sheriff Mason because he feels Mason "is responsible for the correct operations of the Hinds County facilities." [1, p. 5]  In a later filing responding to the Court's order requiring him to state how the Defendants violated his constitutional rights, Kyles alleges both Defendants "directly/indirectly" violated his rights:  Mason because he is the sheriff of a facility that has faulty locks on doors and a lack of staff in housing areas, and Fielder due to the same lack of security and because Fielder did not move him when Kyles' told him on April 25, 2019 that he "didn't feel safe" on the housing unit to which he was assigned.  [7]  Kyles admits in his complaint that HCDC has a grievance procedure.  [1, p. 2, ¶ 5]  He admits he did not use the grievance process to address his problem with his housing assignment.  [1, p. 2, ¶ 6]  He states the reason he did not submit a grievance was because he has "been given a hard time getting things done through the grievance system for legal, institutional, and medical issues."  [1, p. 4, ¶ 8]

On September 20, 2019 Defendants responded to the lawsuit, denying any violation of Kyles' rights.  [13], [14]   Approximately three weeks later, Defendants filed the motion now before the Court, seeking dismissal of the case due to Kyles' failure to exhaust administrative remedies before filing suit.  In support of their motion, Defendants submit the affidavit of HCDC's Court Liaison and Grievance Officer Keneshia Jones, the HCDC Inmate Handbook, and Kyles' jail file.  Kyles filed no response to the summary judgment motion.

## Summary Judgment Standard

Summary judgment is required under  FED.R.CIV.P. 56 "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Material facts are those which affect the outcome of the suit under governing law; a

genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party, but the burden of proof is on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Abarca v. Metropolitan Transit Authority,* 404 F.3d 938, 940 (5th Cir. 2005). Once Movants carry their burden of identifying those portions of pleadings and discovery on file and any affidavits they believe demonstrate the absence of a genuine issue of material fact, the non-movant must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, do not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust all available administrative remedies before filing a § 1983 action in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

>   other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 2000).  Exhaustion is required before an inmate brings an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  See *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The Fifth Circuit Court of Appeals reiterated these principles in *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), recognizing that "pre-filing exhaustion of prison grievance processes is mandatory." *Id.* at 788.  Proper exhaustion is required and is not accomplished "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  An inmate's grievance must be sufficiently specific to afford "officials a fair opportunity to address the problem that will later form the basis of the lawsuit."  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion."  *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)); *Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013).  "The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program."  *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013) (citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).  Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."  *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

Kyles admits in his complaint that HCDC has a grievance procedure and that he did not use it. Mason and Fielder have presented the facility inmate handbook which sets out the three-step procedure [19-1, pp. 20-22], and the Jones affidavit [19-1] which confirms that Kyles failed to exhaust the HCDC grievance procedure before filing this lawsuit.

## RECOMMENDATION

Based upon the uncontradicted evidence that Kyles failed to exhaust available administrative remedies prior to filing this lawsuit, the undersigned recommends that the Defendants' motion for summary judgment be granted and this case, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may file with the Clerk of Court and serve on the other party/parties written objections to the R&R, specifically identifying the findings, conclusions and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections. Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 28th day of May 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STAtES MAGISTRATE JUDGE