```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION

LIONEL B. KYLES                                           PLAINTIFF

VS.                                CIVIL ACTION NO. 3:19CV440TSL-RPM

SHERIFF VICTOR P. MASON                                  DEFENDANTS
AND WARDEN R. FIELDER
```

ORDER

This cause is before the court on the objection of pro se plaintiff Lionel B. Kyles to the May 28, 2020 report and recommendation issued by United States Magistrate Judge Robert H. Walker,[1] recommending that defendants' motion for summary judgment be granted and that plaintiff's § 1983 complaint be dismissed for failure to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a).  By his objection, plaintiff concedes both that he failed to exhaust his administrative remedies and that he failed to respond to the defendants' motion, despite having notice of it.  Instead, by his objection, he vaguely asserts that he did not exhaust his administrative remedies because of his "being given a hard time getting things done through the grievance system" and further offers a conclusory assertion that "[t]he administrative remedy program at this facility is defective."

---

[1] United States Magistrate Judge Walker has recently retired and United States Magistrate Judge Robert M. Myers has been assigned to the case.

1

Initially, the court concludes that plaintiff's objection should be overruled because he waived any argument regarding the "unavailability" of administrative remedies at the Hinds County Detention Center by his failure to present the argument to the magistrate judge. See Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994) ("[A] party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that [ ] party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]") (internal quotation marks omitted). Further, even had he not abandoned the argument by his failure to assert it, the court would nevertheless overrule the objection. By his objection, plaintiff has failed to present any facts, much less proof, detailing how he was thwarted from filing an administrative remedy related to the incident giving rise to the allegations in the complaint and in what particular regard the County's administrative remedies program is supposedly defective (and therefore, potentially "unavailable"). See Ross v. Blake, --- U.S. ----, 136 S. Ct. 1850, 1857, 195 L. Ed. 2d 117 (2016) (setting forth, inter alia, circumstances under which exhaustion

of administrative remedy may be unavailable such that exhaustion is not required).[2] Accordingly, his objection will be overruled.

Based on the foregoing, it is ordered that plaintiff's objection to the report and recommendation issued by United States Magistrate Judge Robert H. Walker on May 28, 2020 is overruled. It is ordered that the report and recommendation of United States Magistrate Judge Robert H. Walker entered on May 28, 2020, be, and the same is hereby, adopted as the finding of this court. Accordingly, it follows that defendants' motion for summary judgment is granted and the complaint is dismissed for failure to exhaust.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 18th day of August, 2020.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that, unlike the scenario set out in Hinton v. Martin, 742 F. App'x 14, 15 (5th Cir. 2018) (citing Ross and concluding that district court should have considered whether administrative remedies were available to plaintiff who attempted to exhaust and fairly presented question to lower court by making specific, detailed arguments on the question of exhaustion in response to defendant's dispositive motion as well as in his objection to the report and recommendation), there is no basis in the record from which it may be said that plaintiff has fairly raised the question of whether Hinds County's administrative remedies program was available to him. Instead, plaintiff has made only conclusory averments regarding the County's administrative remedy program.

3